UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

FRANK MORRIS STOVALL,           §
                                §
        Plaintiff,              §
VS.                             §      CIVIL  NO. 2:13-CV-165
                                §
FLORES, *et al*,                §
                                §
        Defendants.             §

## MEMORANDUM AND RECOMMENDATION
## TO TRANSFER CLAIM AND DISMISS ACTION

Plaintiff Frank M. Stovall is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID") currently confined at the Larry Gist Unit in Beaumont, Texas. His complaint concerns events that occurred primarily while he was housed at the Dominquez State Jail in San Antonio, Texas, and  while in route to and from John Sealy Hospital in Galveston, Texas.  On June 12, 2013, Plaintiff filed his original complaint (D.E. 1), and brief in support (D.E. 2), alleging deliberate indifference to his serious medical needs, naming the following individuals as defendants: (1) Nurse Flores, Dominguez State Jail; (2) William Stephens, TDCJ-CID Director, Huntsville, Texas;[1] and Warden John Doe, Garza West Unit.[2]  (D.E. 1 at 3).

---

[1] Plaintiff named the former TDCJ Director, Rick Thaler.  The current director, William Stephens, is the proper party defendant.

[2] Ernest Guterrez, Jr. is the Senior Warden at the Garza West Unit.  However, since it is recommended that Plaintiff's claims against him be dismissed, he need not be identified by name.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's Eighth Amendment claims alleging deliberate indifference to his serious medical needs against the TDCJ-CID Director and Garza West Unit warden be dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is further respectfully recommended that Plaintiff's claims against Defendant Nurse Flores be severed and transferred to the United States District Court for the Western District of Texas, San Antonio Division.

## I.    Jurisdiction.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.    Background facts and Plaintiff's allegations.

A *Spears*[1] hearing was conducted on July 8, 2013.  The following allegations were made at the hearing or in Plaintiff's original complaint (D.E.1) and brief (D.E. 2).

Plaintiff is an insulin-dependent diabetic, requiring insulin injections three times a day, and his blood sugar must be monitored twice a day.  He also has other serious medical conditions including problems with his thyroid and heart, and he suffers seizures. Due to his various medical conditions, Plaintiff is treated by medical personnel at John Sealy Hospital in Galveston, Texas, approximately every three months for evaluation and follow-up care.

In the fall of 2012, Plaintiff was housed at the Dominguez State Jail in San Antonio, Texas. To attend his appointments at John Sealy Hospital, Plaintiff would be placed on the medical chain.  First, Plaintiff would leave the Dominguez State Jail and arrive at the Darrington Unit in Rosharon, Texas.  From the Darrington Unit, Plaintiff would next travel to the Garza West Transfer facility in Beeville, Texas.  From the Garza West Unit, Plaintiff would go directly to John Sealy Hospital.  In route to John Sealy Hospital, Plaintiff would be at the Darrington and Garza units approximately 12 hours to one day.  He would return to the Dominguez Unit via the same route in reverse.

---

[3] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

*Claim 1.*

On an uncertain date, Plaintiff was on the medical chain en route to the Dominguez State Jail following his appointments at John Sealy Hospital. He arrived at the Garza West Transfer Facility at approximately 2:00 p.m. in the afternoon. He did not receive insulin upon his arrival, nor throughout the day or in the evening. Plaintiff told the security officers he took insulin three times a day and he had not received it. The officers assured him he would be seen by medical, but he was not. At about 3:00 a.m. that morning, Plaintiff was transferred from the Garza West Transfer Unit to the Darrington Unit. Approximately four hours after his arrival at the Darrington Unit, Plaintiff suffered a seizure due to low blood sugar. He was taken to a free world hospital for treatment, and was told by the doctors there that he had elevated ketones and needed to receive IV fluids. Plaintiff maintains that the failure to receive his insulin at the Garza West Unit caused him to suffer a seizure at the Darrington Unit. During the seizure, Plaintiff's feet "got banged up." He did not break any bones, but he scratched his feet and needed Band-Aids.

*Claim 2.*

On December 9, 2012, while at the Dominguez Unit, Plaintiff felt ill due to his low blood sugar. He reported to the infirmary where he was seen by Defendant Nurse Flores. (D.E. 2 at 2). Nurse Flores checked Plaintiff's blood sugar with a digital AccuCheck meter and it registered 44. According to Plaintiff, a blood sugar reading of 44 "is considered by any competent medical professional as being dangerously low;"

however, Nurse Flores did not give him a diabetic snack.  She instead told him to leave the infirmary.

Plaintiff left the infirmary and went to speak to a supervisor.  Lieutenant Elligan was working the shift, and Plaintiff told her about his severe medical condition and his low blood sugar.  Lieutenant Elligan obtained a snack for Plaintiff, and then escorted him back to the infirmary to recheck his blood sugar, where it now registered 40.  In response, Nurse Flores gave Plaintiff two peanut butter and jelly sandwiches before releasing him back to his housing.  As he left the infirmary, Lieutenant Elligan advised Plaintiff to file a grievance about the incident.  Later that evening on his way to dinner, Plaintiff collapsed and had a seizure.

On December 20, 2012, Plaintiff filed a Step 1 grievance complaining about the December 9, 2012 incident. (D.E. 2 at 6-7).  On January 29, 2013, Assistant Warden Aurelio Ambriz of the Dominguez State Jail denied the grievance stating that, after Plaintiff had the sandwich, his blood sugar was 94, and that there was no documentation of a seizure.  (D.E. 2 at 7).

On March 9, 2013, Plaintiff filed a Step 2 grievance concerning the December 9, 2012 incident, although he was now housed at the Larry Gist Unit in Beaumont.[3]  (D.E. 2 at 8-9).  By response dated May 8, 2013, Plaintiff's Step 2 grievance was denied.  *Id.* at 9.

---

[3] Plaintiff testified that he was transferred to the Larry Gist Unit so that he could be closer to the Stiles Unit and its medical facilities for treatment of his numerous medical conditions.

Again it was noted that Plaintiff had low blood sugar resolved by eating a sandwich, and that there was no evidence of a seizure.

## III.   Legal standard.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted.   42 U.S.C. § 1997e(c)(2).   "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."   *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).   An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.   *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).   The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.   *Id.*

## IV.   Discussion.

### A.   Claims against TDCJ-CID Director and Garza West Unit Warden.

Plaintiff testified that he is named the TDCJ-CID Director as a defendant because, in his capacity as director, he is in charge of all the TDCJ-CID prison units and ultimately responsible for what happens at each individual unit.   Similarly, Plaintiff claims the Garza West Unit Warden is responsible for the operation of that prison, and it is his duty

to ensure the staff is doing their jobs, and this includes prisoners in transit receiving their medications.

To state a cause of action under § 1983, a plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). In addition, it is well established that a § 1983 plaintiff cannot obtain damages or injunctive relief from a policy-maker or supervisor solely on a theory of *respondeat superior. Beattie v. Madison County School Dist.*, 254 F.3d 595, 600 n.2 (5th Cir. 1983) (citing *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 690 (1978)). "[S]upervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). "[Section] 1983 does not give a cause of action based on the conduct of subordinates. Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983). A supervisor who is not personally involved is liable under the theory of "supervisory liability" only if he has implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Thompkins*, 828 F.2d at 304. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.,* 977 F.2d 924, 929 (5th Cir. 1992).

At the *Spears* hearing, Plaintiff admitted he has never met either the former or current TDCJ-CID Director nor the Garza West Unit Warden.  He does not suggest that either of these Defendants implemented any unconstitutional policy.   Indeed, it is apparent that Plaintiff is attempting to hold the TDCJ-CID Director and Garza West Unit Warden liable for the alleged unconstitutional actions of their subordinates. Section 1983 expressly prohibits such vicarious liability.  Thus, it is respectfully recommended that Plaintiff's claims against the TDCJ-CID Director and the Garza West Unit Warden be dismissed with prejudice for failure to state a claim and/or as frivolous.

**B.     Plaintiff's claim against Nurse Flores.**

Plaintiff testified that he is suing Nurse Flores for deliberate indifference to his serious medical needs.  He argues that she is the "head nurse" at the Dominguez State Jail, and on December 9, 2012, she knew he was suffering from a serious medical issue with a blood sugar reading of 44, but she refused to give him a diabetic snack and ordered him to leave the infirmary.  Regardless of whether or not Plaintiff has successfully stated a claim against Nurse Flores for purposes of § 1915A screening, because she is the only defendant remaining and she resides in San Antonio, transfer of this claim to the proper venue is warranted.

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.  Any claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P. 21.

Pursuant to the last sentence in Rule 21, the Court may order the severance of a claim where it will serve the ends of justice and further the prompt and efficient disposition of the litigation. *Wyndham Assoc. v. Bintliff*, 398 F.2d 614 (2d Cir.), *cert. denied*, 393 U.S. 977, (1968). *See also Value Line Fund, Inc. v. Marcus*, 161 F. Supp. 533 (S.D.N.Y. 1958); *Michigan Tool Co. v. Drummond*, 33 F. Supp. 540 (D.D.C. 1938); 7 Wright, Miller, & Kane, *Federal Practice & Procedure* § 1689 (2d ed. 1986).

Here, the adjudication of Plaintiff's claims against Nurse Flores in this Court would be inefficient. The Dominguez State Jail is located in San Antonio, Bexar County, Texas. Bexar County is located in the Western District of Texas, San Antonio Division. *See* 28 U.S.C. §124(d)(4). Plaintiff's claims against the Garza West Unit warden, upon which jurisdiction was founded, fail to state cognizable claims and it is recommended that those claims be dismissed; as such, there is no underlying basis for this Court to exercise jurisdiction. Plaintiff's claims against the dismissed defendants and Nurse Flores did not involve a common issue of law or fact. Moreover, Nurse Flores would likely raise meritorious personal jurisdiction and venue defenses; at the very least she would be entitled to transfer under 28 U.S.C. § 1404(a) (convenience of parties and witnesses). Severance would serve the ends of justice by promoting the prompt and efficient disposition of the litigation. Therefore, it is respectfully recommended that Plaintiff's claims against Nurse Flores be severed and transferred to the United States

District Court for the Western District of Texas, San Antonio Division, for initial § 1915A screening and all further proceedings.

## V.    Recommendation.

For the reasons stated above, it is respectfully recommended that Plaintiff's claims against the TDCJ-CID Director and the Garza West Unit Warden be dismissed with prejudice for failure to state a claim upon which relief can be granted and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  It is further respectfully recommended that Plaintiff's Eighth Amendment claims against Nurse Flores be severed and transferred to the United States District Court for the Western District of Texas, San Antonio Division.

ORDERED this 17th day of July, 2013.

Jason B. Libby
United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).